J.S17036/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES F. MCINTYRE, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1331 WDA 2015 |

Appeal from the Judgment of Sentence August 21, 2015
in the Court of Common Pleas of Fayette County Criminal Division
at No(s): CP-26-CR-0001961-2014

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED MARCH 2, 2016**

Appellant, Charles F. McIntyre, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas following his conviction for, *inter alia*, driving under the influence of alcohol[1] ("DUI"). Appellant challenges the sufficiency of the evidence. We affirm.

The trial court ably summarized the underlying facts:

> Pennsylvania State Trooper Jonathan Monkelis was dispatched to Pennsylvania Route 119 near Englishman Hill Road in Bullskin Township, Fayette County, Pennsylvania on the evening of April 19, 2014, at 7:58 P.M. Upon arrival at the scene of the accident at 8:06 P.M., Trooper Monkelis found a truck with front end damage and damage to the passenger side windshield. Trooper Monkelis questioned [Appellant] in order to ascertain what had happened, and [Appellant] told [him] that he had been drinking

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802.

throughout the entire day, and had consumed approximately thirty cans of Keystone Red beer and a bottle of wine. He also told the trooper that he had crashed into a tree, but continued driving in an attempt to reach his residence. [Appellant] explained the scene at which he and the officer were standing by saying that the truck had stalled out when he reached Englishman Hill Road, and someone had helped push it to the side of the road while [Appellant] sat in the driver's seat, but it drifted off of the road and went into a ditch, where Trooper Monkelis saw the right front tire resting when he was at the scene. The back end of [Appellant's] truck was partially blocking the travel portion of the road. [Appellant] was the only person present who was in the vehicle at the time it entered the ditch.

The trooper observed five open empty cans of Keystone Red beer and an open gallon bottle of Richards Wild Irish Rose wine, which was about one-quarter full, in the bed of [Appellant's] truck. Trooper Monkelis then smelled a very strong odor of alcohol on [Appellant's] person, and [Appellant's] eyes were bloodshot. [Appellant] was not asked to do field sobriety tests because he told the officer he was unable to perform them due to an old injury. [Appellant] was then arrested on suspicion of DUI, and transported to the hospital for a blood draw. Trooper Monkelis obtained a search warrant for the blood from a magisterial district judge, and the blood was drawn in the hospital at 9:03 P.M. on April 19, an hour after Trooper Monkelis arrived at the scene where [Appellant] had caused his vehicle to go into a ditch. The test result for [Appellant's] BAC was, as found by the jury, 0.231, well above the .08 statutory threshold set forth in the DUI statute, 75 [Pa.C.S.] § 3802.

The Court took judicial notice of the fact that Pennsylvania Route 982 is a heavily travelled roadway, and the trooper also testified that the route is a main road with heavy traffic on it. Witness Francis Shuman testified that he saw the accident scene on Route 982, and spoke with [Appellant] at the scene to see if he needed help. Mr. Shuman told the jury that [Appellant] was the only person around and was already out of his vehicle, looking at the damage. [Appellant] said to Mr. Shuman, "I wrecked,"

and his buddy was coming to pull him out. Mr. Shuman estimated he stayed on the scene with [Appellant] for about five minutes, observed [Appellant] to have slurred speech and wobble on his feet, and was concerned about the possibility of [Appellant] driving so he went to the Sheetz gas station about one minute down the road to call 911. The sealed record from Fayette 911, admitted into evidence as Exhibit 5, established that Mr. Shuman's call was received at 7:51:25 P.M. on April 19, 2014. Exhibit No. 5 also reveals that two more people called to report the same accident within two minutes after Mr. Shuman's call.

Trial Ct. Op., 9/16/15, at 1-3 (citations omitted).[2] After a jury trial, on August 6, 2015, Appellant was convicted of two counts of driving under the influence of alcohol and five summary offenses. On August 21, 2015, the trial court sentenced Appellant to a term of eighteen to sixty months of incarceration. This timely appeal followed.

Appellant raises the following two issues:

Whether the Commonwealth presented sufficient evidence to establish that [Appellant's] blood was properly drawn within two (2) hours after driving a motor vehicle as required by [75] Pa.C.S.A. § 3802(c)?

Whether the Commonwealth sufficiently established that [Appellant] drove, operated or was in actual physical control of the automobile?

Appellant's Brief at 7.

---

[2] We note that Appellant also testified at trial. N.T. Trial, 8/5/15, at 95-102. Significantly, Appellant admitted to driving the vehicle at issue stating: "Yes, I drove it," and "How else was I going to get home? I ain't walking." *Id.* at 101.

In the instant case, for purposes of expediency, we will address Appellant's issues in reverse order. In his second issue, Appellant argues that the evidence was not sufficient to establish that he was driving his vehicle at all during the incident in question. Specifically, Appellant alludes to the contention that someone else was driving at the time of the accident. He points out that no witness at trial could directly testify that they saw him behind the wheel or even inside the vehicle. Appellant's Brief at 13.

The standard of review for a sufficiency of the evidence challenge is well-established:

> In reviewing the sufficiency of the evidence, we examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's findings of all the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

*Commonwealth v. Mattison*, 82 A.3d 386, 392 (Pa. 2013) (citations omitted), *cert. denied*, 135 S. Ct. 221 (2014).

Further, we note that "[u]nder 75 Pa.C.S.A. § 3802(c), an individual may not drive, operate, or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated, or been in actual physical control of the movement of the vehicle." *Commonwealth v. Rakowski*, 987 A.2d 1215, 1217 (Pa. Super. 2010) (holding, *inter alia*, that

the evidence was sufficient to support the petitioner's conviction under 75 Pa.C.S. § 3802(c), where all reasonable inferences from the testimony, when viewed in the light must favorable to the verdict winner, could establish that petitioner's blood alcohol level was above 0.16 within two hours of his operating a vehicle).

The trial court found Appellant's second issue to be "frivolous" and we agree. Trial Ct. Op. at 4. As the trial court properly cited, both Trooper Monkelis and witness Shuman testified that Appellant had confessed to driving the car during the accident. *Id.* Further, Appellant admitted to driving the car during the incident in question during his cross-examination at trial stating, "Yes, I drove it." N.T. Trial at 101. According, we hold that the evidence was sufficient to establish that Appellant was operating the vehicle, as required under 75 Pa.C.S. § 3802(c), and Appellant's second issue on appeal is meritless. *See Mattison*, 82 A.3d at 392.

Turning to his first issue, Appellant asserts that the evidence presented was insufficient to establish that his blood alcohol level was above 0.16 within two hours of his operation of a vehicle. In particular, Appellant argues that witness Shuman testified that he saw Appellant's damaged vehicle at approximately 7:39 p.m. on the evening in question, but the vehicle could have been stopped there long before that time and Appellant's blood was drawn at 9:03 p.m. that evening. The trial court did not agree, instead emphasizing that witness Shuman, as well as two additional 911

callers, could place Appellant with his vehicle disabled in a ditch, within an hour and fifteen minutes of the time Appellant had his blood drawn. Trial Ct. Op. at 3-4. The court concluded that because the route in question is a very heavily travelled road, a fair inference is that the accident scene was not present for more than a few minutes before the three 911 callers alerted police. *Id.* We agree.

When viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, we hold that the evidence was sufficient to establish that Appellant's blood alcohol level was above 0.16 within two hours of his operation of his vehicle. As noted, it is well-settled that circumstantial evidence is sufficient to satisfy the Commonwealth's burden of proof. *See Mattison*, 82 A.3d at 392. In this case, although the Commonwealth did not present evidence that would establish the **exact** time of Appellant's accident, sufficient circumstantial evidence established the approximate time within a few minutes. Thus, sufficient evidence established that Appellant's blood alcohol level was 0.16 within two hours of his operation of a vehicle as set forth under 75 Pa.C.S. § 3802(c); *See Rakowski*, 987 A.2d at 1217. Therefore, Appellant's first issue on appeal must also fail. Accordingly, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2016